**In re in the Matter of the COMPLAINT OF FKM, INC. FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**FKM, Inc., Plaintiff–Appellant,**

v.

**Cleto Williams, Claimant–Appellee.**

**No. 04–20594.**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 11, 2005.

John Martin Ribarits, Bret R. Larson–Hendricks, Preis, Kraft & Roy, Houston, TX, for Plaintiff–Appellant.

Joseph Sullivan Jaworski, Buzbee Law Firm, Galveston, TX, for Claimant–Appellee.

784

In the Matter of SUPERIOR BOAT WORKS INC., Debtor

Superior Boat Works Inc., Appellant,

v.

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM: *

FKM, Inc. appeals the district court's order granting Cleto Williams' motion to lift stay in this action brought under the Limitation of Liability Act, 46 U.S.C. app. §§ 181–195 (the Act). We affirm.

We essentially agree with the analysis given by the district court, and can find no error of law or abuse of discretion that would warrant overturning the order. So long as the district court hearing the limitation action "satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). While *Lewis* did not involve the precise issue pending before us, we believe that the essential purpose of the Act in these circumstances—to limit FKM's liability to the value of the limitation fund—was preserved.

Perhaps one party or the other has engaged in forum shopping, and perhaps one court or the other should entertain a motion for intra-district transfer, but that issue is not before us.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.